| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, SC. | SUPERIOR COURT |
| KEVIN CRADDY,<br>        *Plaintiff*,<br><br>vs.<br><br>FAIRFIELD RESIDENTIAL COMPANY, LLC,<br>        *Defendant.* | C.A. No. PC 12-2962 |

## COMPLAINT

1. This Complaint arises out of allegations of discrimination and retaliation based on disability.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Rhode Island Fair Employment Practices Act, G.L. 1956 § 28-5-1 et seq., Rhode Island Civil Rights Act, G.L. 1956 § 42-112-1 et seq., Civil Rights of People with Disabilities Act, G.L. 1956 § 42-87-1 et seq.

## PARTIES

3. Plaintiff, Kevin Craddy ("Plaintiff") is a female citizen of the United States and a resident of the State of Rhode Island.

4. Defendant Fairfield Residential Company, LLC is a California corporation doing business in Cranston, Rhode Island.

## ADMINISTRATIVE PROCEDURES

5. On or about April 22, 2011, charges of employment discrimination on behalf of Plaintiff, based upon disability and retaliation, were filed with the Commission for Human Rights for the State of Rhode Island (the "Commission").

6. On or about March 15, 2012, the Commission issued a "Notice of Right to Sue" to Plaintiff.

7. This Complaint was filed with ninety (90) days of the receipt of the Notice of Right to Sue.

1

## STATEMENT OF FACTS

8. Plaintiff began employment with Defendant as Head of Maintenance at Springfield Apartments in Cranston, RI in about August 2007.

9. Plaintiff's supervisor was Paige Dinwoodie who was the Property Manager.

10. In March 2010, Plaintiff was diagnosed with cancer. Specifically, Plaintiff had a cancerous tumor on his kidney.

11. Plaintiff spoke directly to Ms. Dinwoodie on the telephone on or about March 24, 2010, and told her that she had cancer and discussed his need for time out of work. The following day, Plaintiff's parents hand-delivered medical documentation supporting Plaintiff's diagnosis and request.

12. Defendants approved Plaintiff's leave, initially, through July 15, 2010.

13. Within two days, one of Plaintiff's subordinates was promoted to his position and an advertisement was placed for Plaintiff's subordinate's position.

14. During Plaintiff's leave, he communicated with corporate resources and Ms. Dinwoodie.

15. In April 2010, Plaintiff's right kidney was removed.

16. In June 2010, Plaintiff began chemotherapy treatment. It was around this time that Plaintiff's doctor advised that Plaintiff would need an extension of his medical leave due to the chemotherapy treatment.

17. On June 4, Plaintiff wrote to corporate human resources and requested an accommodation of additional medical leave time. Plaintiff explained his medical condition in detail and the fact that he had started chemotherapy and that his expected return to work date had been changed by his doctor from July 15 to October 15. Plaintiff asked for an extension of his leave and made medical documentation available if needed.

18. Plaintiff followed up his written request by making multiple phone calls. No one responded to his request or phone calls.

19. Instead, on or about July 13, prior to the end of Plaintiff's original approved medical leave, he was informed in writing that he had been terminated on July 13. Plaintiff was given information on how to continue his benefits under COBRA.

20. Despite being terminated, before Plaintiff was released to return to work, in about August 2010, Plaintiff went to see Ms. Dinwoodie to see if there was any chance he could get his job back once he was released. Ms. Dinwoodie told Plaintiff what a good job his replacement was

doing and then she brushed him off by taking a phone call.

21. Plaintiff was released to return to work on or about September 15. Plaintiff had no choice but to apply for unemployment.

22. During the time Plaintiff attempted to return to work and was refused, upon information and belief, Defendant hired other maintenance employees.

23. At all relevant times, Plaintiff had a disability, perceived disability and record of disability covered by Rhode Island law.

24. At all relevant times, Plaintiff could perform the essential functions of his job with or without accommodation.

25. Plaintiff always performed his job in at least a satisfactory manner.

## COUNT I

### Rhode Island Fair Employment Practices Act
### G.L. 1956 § 28-5-1 et seq.
### (Disparate Treatment - Disability)

26. Plaintiff incorporates by reference Paragraphs 1 through 25 as if fully set forth herein.

27. By the aforesaid actions, Defendant violated the FEPA.

28. Plaintiff is damaged as a proximate result of the Defendant's intentional and willful conduct.

## COUNT II

### Rhode Island Fair Employment Practices Act
### G.L. 1956 § 28-5-1 et seq.
### (Failure-to-Accommodate)

29. Plaintiff incorporates by reference Paragraphs 1 through 28 as if fully set forth herein.

30. By the aforesaid actions, Defendant violated the FEPA.

31. Plaintiff is damaged as a proximate result of the Defendant's intentional and willful conduct.

## COUNT III

Rhode Island Fair Employment Practices Act
G.L. 1956 § 28-5-1 et seq.
(Retaliation)

32. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.

33. By the aforesaid actions, Defendant violated the FEPA.

34. Plaintiff is damaged as a proximate result of the Defendant's intentional and willful conduct.

## COUNT IV

Rhode Island Civil Rights Act ("RICRA")
G.L. 1956 § 42-112-1 et seq.
(Disparate Treatment - Disability)

35. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

36. By the aforesaid actions, Defendant violated the RICRA.

37. Plaintiff is damaged as a proximate result of the Defendant's intentional and willful conduct.

## COUNT V

Rhode Island Civil Rights Act ("RICRA")
G.L. 1956 § 42-112-1 et seq.
(Failure-to-Accommodate)

38. Plaintiff incorporates by reference Paragraphs 1 through 37 as if fully set forth herein.

39. By the aforesaid actions, Defendant violated the RICRA.

40. Plaintiff is damaged as a proximate result of the Defendant's intentional and willful conduct.

## COUNT VI

Rhode Island Civil Rights Act ("RICRA")
G.L. 1956 § 42-112-1 et seq.
(Retaliation)

41. Plaintiff incorporates by reference Paragraphs 1 through 40 as if fully set forth herein.

42. By the aforesaid actions, Defendant violated the RICRA.

43. Plaintiff is damaged as a proximate result of the Defendant's intentional and willful conduct.

## COUNT VII

Civil Rights of People with Disabilities Act ("RICRPDA")
G.L. 1956 § 42-87-1 et seq.
(Disparate Treatment - Disability)

44. Plaintiff incorporates by reference Paragraphs 1 through 43 as if fully set forth herein.

45. By the aforesaid actions, Defendant violated the RICRA.

46. Plaintiff is damaged as a proximate result of the Defendant's intentional and willful conduct.

## COUNT VIII

Civil Rights of People With Disabilities Act ("RICRPDA")
G.L. 1956 § 42-87-1 et seq.
(Failure-to-Accommodate)

47. Plaintiff incorporates by reference Paragraphs 1 through 46 as if fully set forth herein.

48. By the aforesaid actions, Defendant violated the RICRA.

49. Plaintiff is damaged as a proximate result of the Defendant's intentional and willful conduct.

## COUNT IX

Rhode Island Civil Rights Act ("RICRA")
G.L. 1956 § 42-112-1 et seq.
(Retaliation)

50. Plaintiff incorporates by reference Paragraphs 1 through 49 as if fully set forth herein.

51. By the aforesaid actions, Defendant violated the RICRA.

52. Plaintiff is damaged as a proximate result of the Defendant's intentional and willful conduct.

## PRAYER FOR RELIEF

Plaintiff prays that this Court:

(1) declare that the Defendant's actions complained of are unlawful;
(2) order the Defendant to make the Plaintiff whole;
(3) order that the Defendant pay Plaintiff compensatory damages;
(4) order that the Defendant pay Plaintiff punitive damages;
(5) order that the Defendant pay Plaintiff liquidated damages;
(6) retain the jurisdiction of this action to ensure full compliance;
(7) order the Defendant to pay Plaintiff costs and expenses and reasonable attorney's fees;
(8) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Plaintiff,
By his attorney,

Carly Beauvais Iafrate, #6343

6

129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964 (Fax)

Dated: June 8, 2012

| STATE OF RHODE ISLAND<br>PROVIDENCE, SC. | SUPERIOR COURT |
|---|---|
| KEVIN CRADDY,<br>*Plaintiff,* | |
| vs. | C.A. No. PC 12-2962 |
| FAIRFIELD RESIDENTIAL COMPANY, LLC,<br>*Defendant.* | |

### STIPULATION ACCEPTING SERVICE OF PROCESS

The undersigned hereby accepts service of process with respect to the Complaint in the above-captioned matter on behalf of Fairfield Residential Company, LLC.

*Stacie Collier / CP*
Stacie Boeniger Collier, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (fax)

Dated: 7/24/12

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, S.C. | SUPERIOR COURT |

| | |
|---|---|
| KEVIN CRADDY,<br>    *Plaintiff*,<br><br>vs.<br><br>FAIRFIELD RESIDENTIAL COMPANY, LLC,<br>    *Defendant*. | )<br>)<br>)<br>)<br>)   C.A. No. PC 12-2962<br>)<br>)<br>)<br>)<br>) |

## STIPULATION FOR EXTENSION OF TIME

The parties in the above-captioned matter hereby stipulate that the time within which Defendant Fairfield Residential Company, LLC may answer or otherwise respond to Plaintiff Kevin Craddy's Complaint is extended to August 24, 2012.

| KEVIN CRADDY | FAIRFIELD RESIDENTIAL COMPANY, LLC |
|---|---|
| By his Attorney,<br><br>*Carly Iafrate /CB*<br>Carly Beauvais Iafrate (#6343)<br>129 Dyer Street<br>Providence, RI 02903<br>(401) 421-0065<br>(401) 421-0064 (facsimile)<br>ciafrate@verizon.net | By its Attorneys,<br><br>*Gauri A. Patil*<br>Stacie Boeniger Collier (#6059)<br>Gauri A. Patil (#8740)<br>NIXON PEABODY LLP<br>One Citizens Plaza, Suite 500<br>Providence, RI 02903<br>(401) 454-1018<br>(866) 947-1345 (facsimile)<br>sbcollier@nixonpeabody.com<br>gpatil@nixonpeabody.com |

Dated: August 2, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2012 a true and accurate copy of the foregoing document was sent by regular mail to counsel for Plaintiff:

Carly Beauvais Iafrate
129 Dyer Street
Providence, RI 02903

*[signature]*